## LONG *vs.* JOHNSON.

1. To a suit on a note, the defendant having pleaded that the note did not belong to the plaintiff but to another, that in a suit against such other person, he had been garnished, and had tendered the money into court, and the issue being in whom the title to the note was at the date of the garnishment, there was sufficient evidence to uphold the verdict for the plaintiff, and it was not contrary to law and evidence.

2. If a negotiable promissory note is transferred before due as collateral security, it is protected from garnishment in a suit against the payee, and the debtor is liable to the holder for the principal and interest of the debt.

(a.) Tendering money into court does not stop interest against a garnishee; he must pay it into court to stop interest.

3. Although a debtor, who was garnished in a suit against the payee of the note given by him, had answered, admitting the indebtedness and tendered the money in court, yet if no judgment was rendered against him, and no money was paid by him, and in the meantime another than the payee brought suit on the note, if a recovery should be had, the garnishee would be protected.

4. Where a promissory note was signed by two, and after the name of one of the signers were added the letters "S. C.," and where such person was sued as a surety, and the plea of the other defendant recognized him as such, there was sufficient evidence on which to found a verdict against him as surety.

November 11, 1884.

Garnishment. Promissory Notes. Collateral Security. Vendor and Purchaser. Tender. Interest. Principal and Surety. Before Judge SIMMONS. Houston Superior Court. April Term, 1884.

To the report contained in the decision, it is only necessary to add that the note sued on was payable to Cicero. Johnson, or bearer, and was signed by T. J. Long and C. M. Newberry, " S. C." Suit was brought by W. G. Johnson against Long, as principal, and Newberry, as security The plea of Long speaks of him as the principal debtor. A recovery was had by plaintiff; a motion for new trial made by Long, was denied, and he excepted.

For the other facts see the decision.

M. G. BAYNE, by brief, for plaintiff in error.

A. C. RILEY; B. M. DAVIS, for defendant.

JACKSON, Chief Justice.

Suit was brought against Long and Newberry on a promissory note. A verdict was returned, and judgment rendered against the defendants, Long, as principal, and Newberry, as surety. Long made a motion for a new trial, and error is assigned on its refusal on all the grounds therein set out.

1. The defence was that the note belonged to the payee, Cicero Johnson, and not to his brother, W. G. Johnson, the plaintiff in this suit; and that, in a suit in favor of Mary Long, the mother of defendant, against Cicero, the defendant was garnished and had tendered the money into court. So that the issue is, in whom was the title to the note when defendant was garnished? The verdict is supported by evidence that the title was in the present plaintiff at that time, and is not contrary to law and evidence, on the ground that it is not so sustained.

2. There was no error in the charge that, if the note was transferred before due to the plaintiff as collateral security, it was then protected from garnishment, and defendant was liable for principal and interest. There is evidence that the note was so transferred as collateral, if not in words, in deduction from the facts proved, and the charge was authorized by the evidence. Tendering the money into court does not stop interest against a garnishee; he must pay it, to stop interest, into the court.

3. There was no error in instructing the jury that, if they found for plaintiff, defendant would be protected from paying the money as such garnishee, though he had answered that he owed it to the party sued in the case in which he had been garnished. If he did not in fact owe it, and the note was then transferred before due to another, he was protected. No money had been paid by him, and no judgment rendered against him as garnishee.

4. The note, on its face, has the appendage of S. C. after Newberry's signature; he was sued as security, and Long's plea recognizes him as such. Therefore there is no error that the verdict or judgment makes him liable as surety, on the ground of want of proof. The defendant's plea admits it, and Newberry does not complain.

It is clear on the law and facts that the verdict ought to stand.

Judgment affirmed.